**UNITED STATES of America,**
**Plaintiff,**

v.

**James Joseph JAWORSKI, Defendant.**

**No. 3–71 CR 186.**

United States District Court,
D. Minnesota.
Third Division.
May 31, 1972.

---

Robert G. Renner, U. S. Atty., by Joseph M. Livermore, Minneapolis, Minn., for plaintiff.

Errol K. Kantor, Minneapolis, Minn., for defendant.

NEVILLE, District Judge.

Defendant is charged in a four-count indictment under 18 U.S.C. § 1343 with attaching a device to the telephone wires of the Northwestern Bell Telephone Company referred to as a "blue box", which when properly attached and operated, emits and sends forth certain electronic sounds or frequencies which activate the company's long-distance telephonic mechanisms. The knowledgeable use of such device enables a person to make long-distance telephone calls to various parts of the world, circumventing the telephone company's billing equipment. Defendant is charged with making calls to Illinois, to Hawaii, to Mankato, Minnesota and to Missoula, Montana.

■ The number of so-called "blue box" decided cases is few. Defendant claims that 18 U.S.C. § 1343 is overbroad and vague; that whereas it has been applied and held constitutional in cases where one has used interstate telephone wires to defraud the party at the other end of the call, it has never been used where the claimed fraud is to circumvent the payment of the telephone bill itself. 18 U.S.C. § 1343 reads as follows:

"*Whoever, having devised* or intending to devise *any scheme or artifice to defraud,* or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises, *transmits or causes to be transmitted by means of wire,* radio, or television communication in interstate or foreign commerce, any writings, signs, signals, pictures, *or sounds for the purpose of executing such scheme or artifice,* shall be fined not more than $1,000 or imprisoned not more than five years, or both." [Emphasis added]

■ It seems to the court that the construction of this statute contended for by defendant is not so narrow. There is no limitation as to, nor designation of, the person who has to be defrauded in the statute. The italicized portions of the statute above quoted cover this case and the reference to obtaining money or property is in the conjunctive or alternative, and not a requisite to the type of offense here alleged to have been committed.

■ 18 U.S.C. § 1343 has been held constitutional as against a challenge that it violated the Fifth Amendment of the United States Constitution. Roberts v. United States, 226 F.2d 464 (6th Cir. 1955) cert. denied 350 U.S. 935, 76 S.Ct. 307, 100 L.Ed. 817 (1956). Two cases somewhat similar to the case at bar have found a defendant guilty under this statute. United States v. Beckley, 259 F. Supp. 567 (N.D.Ga.1965), where an employee of the telephone company abused his privileged position to make long-distance calls without paying therefor. Brandon v. United States, 382 F.2d 607 (10th Cir. 1967), where a subscriber using an electronic device jammed billing equipment and thus prevented bills being rendered to the subscriber. See also Hanna v. United States, 404 F.2d 405 (5th Cir. 1968). While none of these cases are exactly in point, their rationale seems apposite.

A separate order has been entered denying defendant's motion for a dismissal of the indictment.