**UNITED STATES of America,
Plaintiff,**

v.

**Clarence Joseph DeLEEUW, Defendant.**

**No. 73–Cr–279.**

United States District Court,
E. D. Wisconsin.

Jan. 7, 1974.

David B. Bukey, U. S. Atty., by Steven C. Underwood, Milwaukee, Wis., for plaintiff.

James C. Boll, Madison, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

This matter is before me on the defendant's motions to dismiss the instant three-count indictment and to suppress evidence obtained pursuant to a search warrant.

On August 10, 1973, a security supervisor for the Wisconsin Telephone Company connected a dialed number recorder to the defendant's telephone line. That device recorded those numbers which were dialed following the application to the subscriber's line of a "blue box" frequency; such frequencies activate a telephone company's long-distance mechanisms while circumventing its billing mechanism. In addition, the telephone company recorded a one minute conversation of the defendant; the tape recorder was set up in such a fashion so that it was only activated by a "blue box" frequency.

On August 14, 1973, a "blue box" was seized at the defendant's residence pursuant to a search warrant. The affidavits supporting that warrant and the charges contained in the instant indictment refer to the dialed number record-

er's finding that three "blue box" calls were allegedly placed from the defendant's line between August 10 and August 13, 1973.

## I.

The defendant claims that the instant indictment does not state an offense under 18 U.S.C. § 1343. The statute reads as follows:

"Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of . . . fraudulent pretenses, representations or promises, transmits or causes to be transmitted by means of wire, radio, or television communication in interstate or foreign commerce, any writings, signals, pictures, or sounds for the purpose of executing such scheme or artifice, shall be fined not more than $1,000 or imprisoned not more than five years, or both."

The defendant's position is that § 1343 is only applicable to schemes to defraud third persons *to whom* communications are directed by means of wire, radio or television, and that it is not applicable to mere schemes to obtain free telephone service.

In United States v. Beckley, 259 F. Supp. 567 (N.D.Ga.1965), a similar contention was rejected by the court, which noted that:

"Defendants contend that the indictment fails to allege a scheme to defraud within the meaning of Title 18, U.S.Code, § 1343 because there were no false pretenses, representations or promises to the telephone company.

"It is not necessary that there be false representations or promises. All that is necessary is that it be a scheme calculated to deceive. Silverman v. United States, 213 F.2d 405 (5th Cir.).

"There may be a scheme to defraud by means other than express false representations. Suhushan v. United States, 117 F.2d 110 (5th Cir.).

"If there be a scheme reasonably calculated to deceive and the wires are used in the execution of it there need not be misrepresentations of fact. Silverman v. United States, supra." 259 F.Supp. at 570–571.

In United States v. Jaworski, 343 F. Supp. 406 (D.Minn.1972), the court held that the use of a "blue box" is a violation of 18 U.S.C. § 1343. Reliance was placed upon the reasoning of several cases, including *Beckley,* supra, and Brandon v. United States, 382 F.2d 607 (10th Cir. 1967), where a subscriber who used an electronic device to jam billing equipment, thus preventing bills from being rendered to him, was found to be guilty under § 1343. I join in the *Jaworski* court's observation that "(W)hile none of these cases are exactly in point, their rationale seems apposite." 343 F.Supp. at 407. Therefore, I conclude that the defendant's motion to dismiss the instant indictment should be denied.

## II.

The defendant also seeks to suppress the evidence which was obtained as a result of the search warrant. He claims that the dialed number recorder evidence supporting that search warrant was obtained in violation of 47 U.S.C. § 605. The latter section deals with the unauthorized publication of communications by a carrier and refers to 18 U.S.C. § 2511(2)(a)(i), which provides that:

"It shall not be unlawful under this chapter for an operator of a switchboard, or an officer, employee, or agent of any communication common carrier, whose facilities are used in the transmission of a wire communication, to intercept, disclose, or use that communication in the normal course of his employment while engaged in any activity which is a necessary incident to the rendition of his service or the protection of the rights or property of the carrier of such communications:

Provided, That said communication common carriers shall not utilize service observing or random monitoring

except for mechanical or service quality control checks."

I believe that the action taken by the telephone company security supervisor in attaching a "blue box" detector to the defendant subscriber's line, which device recorded the numbers dialed, and conversations had on such line in only those instances where a "blue box" frequency was actually applied thereto, constituted the type of nonrandom monitoring for the protection of property which is sanctioned by 18 U.S.C. § 2511(2)(a)(i). Accordingly, I conclude that there is no violation of 47 U.S.C. § 605 involved here and that the defendant's motion to suppress is without merit.

Therefore, it is ordered that the defendant's motion to dismiss the instant indictment be and hereby is denied.

It is also ordered that the defendant's motion to suppress the evidence obtained as a result of the search conducted pursuant to the challenged search warrant be and hereby is denied.