UNITED STATES of America, Plaintiff,

v.

Richard ESENBERG and Roger Torgrud, Defendants.

No. 76–Cr–5.

United States District Court, E. D. Wisconsin.

April 29, 1976.

William J. Mulligan, U. S. Atty. by Randall Sandfort and John A. Nelson, Asst. U. S. Attys., Milwaukee, Wis., for plaintiff.

James Walrath, Milwaukee, Wis., for Esenberg.

Seymour Gimbel, Milwaukee, Wis., for Torgrud.

## DECISION and ORDER

MYRON L. GORDON, District Judge.

Both defendants have moved for the dismissal of count II of the indictment on the ground that the statute under which they are charged, 18 U.S.C. § 2511(1)(a), is unconstitutional due to fifth amendment equal protection infirmities on the face of the statute and as applied. In addition, the defendant, Torgrud, has moved to dismiss the indictment because of an alleged breach of a plea bargain. I find that these motions should be denied.

Count II of the indictment charges that the defendants employed an electronic device to intercept wire communications over a telephone located at the Thiem Corporation in violation of 18 U.S.C. §§ 2511(1)(a) and (2). It is urged that telephone company employees are exempted from the proscription of § 2511(1)(a) without a rational basis for such exemption. The defendants point to 18 U.S.C. § 2511(2)(a)(i), which states:

> "It shall not be unlawful under this chapter for an operator of a switchboard, or an officer, employee, or agent of any communication common carrier, whose facilities are used in the transmission of a wire communication, to intercept, disclose, or use that communication in the normal course of his employment while engaged in any activity which is a necessary incident to the rendition of his service or to the protection of the rights or property of the carrier of such communication: *Provided,* That said communication common carriers shall not utilize service observing or random monitoring except for mechanical or service quality control checks."

The legislative history concerning § 2511(2)(a)(i) contained in 1968 U.S.Code Cong. & Ad.News pp. 2112, 2182 reveals the following:

> "Paragraph (2)(a) provides that it shall not be unlawful for an operator of a switchboard or employees of a common carrier to intercept, disclose, or use wire communications in the normal course of their employment while engaged in any activity which is a necessary incident to the rendition of his service or the protection of the rights or property of the carrier. *It is intended to reflect existing law (United States v. Beckley, 259 F.Supp. 567 (D.C.Ga.1965)).*" (Emphasis added).

*Beckley* and its progeny make clear that the telephone companies' exemption from wiretapping proscriptions is narrowly drawn to achieve very limited objectives. The court of appeals in *United States v. Hanna,* 404 F.2d 405, 406–07 (5th Cir. 1968), cert. denied, 394 U.S. 1015, 89 S.Ct. 1625, 23 L.Ed.2d 42 (1969), gave a complete description of the unique circumstances which shape the lawful purposes and scope of telephone company wiretaps:

> "[T]he telephone company's explanation of its statutory duties and of its procedures in meeting those duties demonstrates the necessity for it to record limited parts of the conversations in order to require payment of the long distance tolls for illegal calls:
>
> 'No carrier can discriminate between its customers by extending preferential treatment to any. 47 U.S.C. §§ 202, 203(c). Knowingly to allow those committing electronic toll fraud to receive free service would constitute such discrimination. Furthermore, each carrier is enjoined, under pain of criminal penalty, not to neglect or fail to maintain correct and complete records and accounts of the movements of all traffic over its facilities. 47 U.S.C. § 220. Each carrier is also obliged to collect the federal excise tax levied upon each long distance call. 26 U.S.C. § 4251.
> * * *
> ' * * * there is no alternative at this state of the art but to make a limited recording of each illegal call—at least of the fraudulent dialing and opening salutations—to:
> '(i) identify the calling party (the user of the blue box), and others with whom

he may be acting in concert * * * identification of the telephone line from which the fraudulent calls are originating must be followed by the more difficult identification of the specific individual making the calls—this is, of course, of paramount importance;

'(ii) establish the location from which the calls are originating;

\*　　\*　　\*　　\*　　\*　　\*

'(iii) record the multifrequency tones being "dialed" (key pulsed) by the blue box; and

'(iv) determine whether the fraudulent call was completed (by the called party answering). (R. 63, 68–70, 81–84, 35–38, 42–45.)

'Distance (as well as time) is a factor in determining the proper billing charge for a long distance call. It is, therefore, necessary to ascertain each specific location called after the wrongdoer seizes the circuit.' "

In my opinion, the above quotation establishes the facial rationality of § 2511(2)(a)(i) for purposes of fifth amendment equal protection under the applicable standards. See *Marshall v. United States,* 414 U.S. 417, 422, 94 S.Ct. 700, 38 L.Ed.2d 618 (1974).

Nevertheless, the defendants urge that the very conduct they are alleged to have engaged in would not be unlawful under § 2511(2)(a)(i) were they telephone company employees. The defendants misapprehend the lawful scope of the exemption in § 2511(2)(a)(i). It is evident that the defendants' theory of the lawfulness of their conduct concedes implicitly, arguendo, that they were to wiretap for the purpose of obtaining the *contents* of intercepted telephone calls. In my view, § 2511(2)(a)(i) would not protect telephone employees from engaging in similar conduct. See, e. g., *Bubis v. United States,* 384 F.2d 643 (9th Cir. 1967); *United States v. Clegg,* 509 F.2d 605 (5th Cir. 1975); *United States v. Freeman,* 524 F.2d 337 (7th Cir. 1975). Thus, I reject the defendants' contention that the particular application to them of 18 U.S.C.

§ 2511(1)(a) in light of § 2511(2)(a)(i) is a denial of the equal protection of the law.

The defendant, Roger Torgrud, urges that the entire indictment as to him should be dismissed because he was promised during grand jury proceedings that he would be charged with only one count of unlawful wiretapping if he agreed to testify before the grand jury. Although it is not questioned that the defendant carried out his part of the "bargain," the government does not concede that a plea agreement was reached. Nevertheless, the government has stated that it will move to dismiss one of the counts if the defendant accepts the proposed plea negotiations reflected in the grand jury minutes. In my opinion, the government has granted the defendant all that he is entitled to at this juncture in the case.

I note that the defendant, in any event, has supplied no authority which would justify dismissal of both counts as opposed to a single count of the indictment. I do not believe that dismissal of the entire indictment would be warranted even were I to conclude that the government unfairly obtained the defendant's testimony before the grand jury. Cf. *United States v. James,* 493 F.2d 323 (2d Cir.), cert. denied, 419 U.S. 849, 95 S.Ct. 87, 42 L.Ed.2d 79 (1974).

Therefore, IT IS ORDERED that the defendants' motions to dismiss count II of the indictment be and hereby are denied.

IT IS ALSO ORDERED that the defendant Roger Torgrud's motion to dismiss the indictment be and hereby is denied.