**UNITED STATES**

v.

**Billy Joe HITZ, 394 64 3444, Seaman Apprentice (E–2), U. S. Naval Reserve.**

**NMCM 81 1144.**

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 6 Oct. 1980.

Decided 13 Nov. 1981.

LCDR Patrick A. Fayle, JAGC, USN, Appellate Defense Counsel.

LT Joseph J. Portuondo, JAGC, USNR, Appellate Government Counsel.

Before CEDARBURG, C.J., and SANDERS and GLADIS, JJ.

GLADIS, Judge:

Appellant was convicted pursuant to his pleas at a special court-martial bench trial of larceny of a wrist watch, in violation of Article 121, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 921, and 42 specifications of wrongfully and unlawfully obtaining telephone services from the U. S. Navy by dialing long distance calls on shipboard phones he was not authorized to use for personal calls, in violation of Article 134, UCMJ, 10 U.S.C. § 934. He was sentenced to a bad-conduct discharge, confinement at hard labor for 5 months, and reduction to pay grade E–1. The convening authority suspended the confinement, but otherwise approved the sentence. The supervisory authority approved the sentence as approved by the convening authority.

Appellant contends, among other things, that the military judge erred in denying the defense motion to dismiss the specifications under Article 134, UCMJ, because they do not state offenses. We disagree and affirm.

Each specification under Article 134, UCMJ, alleges that appellant wrongfully and unlawfully obtained telephone services of a specified value from the U. S. Navy by knowingly and intentionally dialing a long distance telephone call from a telephone on board USS TRIPOLI at Naval Station, San Diego, which appellant was not authorized to use for personal calls, such conduct being to the prejudice of good order and discipline in the armed forces. Appellant made 14 calls to Australia. The remainder were made to numbers in Antigo, Wisconsin. The value of the calls ranged from $.20 to $215.00.

Appellant characterizes these specifications as a manipulative effort by the Government to render otherwise innocent conduct criminal. He argues that the conduct alleged has been preempted by the clear intent of Congress in delineating the elements of the offense of obtaining services under false pretenses and submits that the conduct alleged is not criminal unless accompanied by an intent to defraud and a making of a false pretense which motivated the rendering of the services.[1] He concludes that the conduct is not prejudicial to good order and discipline.

■ The preemption doctrine is applicable only when, among other instances not here relevant, Congress intended to limit prosecution for wrongful conduct in a particular area to offenses defined in specific articles of the Code. *United States v. Wright*, 5 M.J. 106 (C.M.A.1978). In enacting Article 134, UCMJ, Congress proscribed, among other things, all disorders and neglects not specifically mentioned in the Code which prejudice good order and discipline in the armed forces. It did not mention the offense of obtaining services under false pretenses in the Code and thus did not provide an offense preempting for military law the entire field of criminal obtaining of services.

The conduct alleged was not innocent. A scheme to deprive a telephone company of profits by having a company employee place long distance calls without charge has been held to be a scheme to defraud within the purview of 18 U.S.C. § 1343, which, in pertinent part, proscribes transmissions by telephone in interstate or foreign commerce for the purpose of executing a scheme to defraud, even in the absence of false pretenses. *United States v. Beckley*, 259 F.Supp. 567 (N.D.Ga.1965).[2]

■ Though inartfully drafted, the specifications here allege by fair implication that

---

1. In *United States v. Herndon*, 15 U.S.C.M.A. 510, 36 C.M.R. 8 (1965), the Court found that a specification alleging that the accused wrongfully and unlawfully obtained telephone services of a specified value, by knowingly and with intent to defraud giving a long distance telephone operator a number to be charged that he was not authorized to use, was sufficient to set

forth an offense sounding in fraud which is nowhere specifically punished under the Code and hence not preempted by Article 121, UCMJ. The Court recognized that the specification alleged obtaining by a false pretense.

2. The scheme in *Beckley* embraced other elements, but this was not determinative.

appellant wrongfully and intentionally obtained telephone service at the expense of the Navy by dialing unauthorized personal long distance calls from shipboard phones. In short they allege that appellant cheated the Navy of the cost of the calls. We find that the acts alleged are directly and palpably prejudicial to good order and discipline even though they do not involve false pretenses.

■ Appellant also contends that subjecting him to criminal liability is a deprivation of due process because of lack of notice that his conduct was criminal. In view of the existence of 18 U.S.C. § 1343, appellant cannot justifiably complain that he was not on notice that intentionally making unauthorized long distance telephone calls at the expense of another is criminal conduct.

We conclude that the military judge properly denied the defense motion to dismiss these specifications. They allege offenses under the Code.

The remaining assignment of error also lacks merit.

Accordingly, the findings of guilty and sentence as approved on review below are affirmed.

Chief Judge CEDARBURG and Judge SANDERS concur.