UNITED STATES

v.

Gordon C. CORNELL, 080 26 3692, Captain (06), U.S. Navy

NMCM 82 3571.

U. S. Navy-Marine Corps Court of Military Review.

Sentence Adjudged 14 May 1982.

Decided 23 March 1983.

LCDR Georgia L. Winstead, JAGC, USNR, Appellate Defense Counsel.

LT Stephen R. Cochell, JAGC, USNR, Appellate Defense Counsel.

LT Sandra R. Ganus, JAGC, USNR, Appellate Government Counsel.

Before BOHLEN, Senior Judge, and EOFF and KERCHEVAL, JJ.

PER CURIAM:

 Pursuant to the provisions of Article 69, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 869, and CMR rules, Rule 2b, the Judge Advocate General of the Navy forwarded this case for review in accordance with Article 66, 10 U.S.C. § 866, UCMJ. He requested that attention be directed to the following issues:

a. Can telephone services be the proper subject of a larceny charge under Article 121, 10 U.S.C. § 921 as alleged in specifications one through 16 of Charge IV?

b. If the above question is answered in the negative, can a finding of guilty to an offense under Article 134, 10 U.S.C. § 934 be affirmed? *United States v. Hitz,* 12 M.J. 695 (N.M.C.M. R.1981).

In *United States v. Herndon,* 15 U.S.C.M.A. 510, 36 C.M.R. 8 (1965), the Court of Military Appeals found it unnecessary to resolve the question whether telephone services constitute the subject of larceny under military law, but did hold that such conduct may be violative of Article 134, UCMJ. This court has not specifically addressed this issue of whether services may be the subject of larceny under Article 121. Both the Army and Air Force Courts of Military Review have held that services may not be the subject of larceny under Article 121. *United States v. Abeyta,* 12 M.J. 507 (A.C. M.R.1981); *United States v. Jones,* 23 C.M.R. 818 (A.F.B.R.1956). We also conclude that theft of telephone services cannot be the proper subject of a larceny charge and the answer to the first question posed must be in the negative.

We now turn to the second question posed. The appellant is a U.S. Navy Captain who had, according to his own testimony, 29 years of naval service. In the providence inquiry, the appellant, in answer to the questions of the military judge, stated, *inter alia,* that his obtaining of the telephone services was with the intent to permanently *defraud* the United States Government. It would appear that the accused, while charged with larceny, was aware and concurred that his actions in making personal long distance calls from Government phones were fraudulent. The Court of Military Appeals has held that such conduct may be punishable under Article 134. *United States v. Herndon, supra.* Additionally, that Court has held that an offense not included within and different than the one charged may still be affirmed. *United States v. Long,* 2 U.S.C.M.A. 60, 6 C.M.R. (1952); *United States v. Mayo,* 12 M.J. 286 (C.M.A.1982).

Does the conduct of the appellant, as illicited by the military judge in the providence inquiry, satisfy the requirements for a finding of guilty of offenses under Article 134? The appellant agreed that his conduct was wrongful when he used the Government phone for unauthorized personal calls. However, a violation of Article 134 would require a finding that the conduct of the accused was prejudicial to good order and discipline or of a nature to bring discredit upon the Armed Forces. In *United States v. Hitz,* 12 M.J. 695 (N.M.C.M.R.1981), this Court held that the making of unauthorized personal long distance phone calls were acts which "are directly and palpably prejudicial to good order and discipline even though they do not involve false pretenses." Should offenses under Article 134 be affirmed, appellant cannot now complain he is being found guilty of offenses for conduct which he did not know was criminal and was not asked to defend against. Appellant plead guilty to violating a lawful general order by "wrongfully using Government telephone services for unauthorized personal calls." Additionally, in each larceny, it was alleged, and the accused acknowledged that his use of Government telephones for unauthorized personal calls was wrongful.

 In the instant case, the military judge did not advise appellant of the ele-

ments under Article 134, nor did appellant acknowledge during the providence inquiry that his conduct was to the prejudice of good order and discipline, etc. The necessity to instruct on the lesser offense depends "upon whether guilt of any lesser offense was fairly raised by the evidence adduced at the trial as a reasonable alternative to that charged." *United States v. Baguex,* 2 U.S.C.M.A. 306, 8 C.M.R. 106, 109 (1953). In *Baguex,* there was a failure to so instruct the members; however, the Court stated at 8 C.M.R. 110:

> We do not doubt that the error presented by a failure to instruct as to lesser included offenses may be expunged by an appellate body's affirmance of the lowest of the lesser offenses fairly raised by the evidence, since the accused would thereby have the benefit of the most he could expect from proper instructions. Whether we thus affirm in a particular case clearly rests within our sound discretion—for Article 59(b) of the Code, 50 USC § 646, is phrased in permissive terms only.[1]

Based upon the information provided to the military judge by appellant during the providence inquiry and this Court's powers under Article 59(b), 10 U.S.C. § 859(b), we may affirm the Article 121 charged offenses under Article 134.

The findings of guilty to specifications one through sixteen of Charge IV are approved only so much as finds that appellant did, at the time and place alleged, obtain telephone services, in the amount alleged, by wrongfully using a United States Government telephone for unauthorized personal use, in violation of Article 134, UCMJ. Accordingly, we affirm the findings, as herein modified, and sentence as approved on review below.

---

**1.** "Any reviewing authority with the power to approve or affirm a finding of guilty may approve or affirm, instead, so much of the finding as includes a lesser included offense." Article 59(b), UCMJ.