**UNITED STATES, Appellee,**

v.

**Joseph H. JONES, Jr., Specialist U.S.
Army, Appellant.**

No. 64,901.
CM 8901513.

U.S. Court of Military Appeals.

Argued Feb. 14, 1991.

Decided July 10, 1991.

For Appellant: *Captain Holly K. Desmarais* (argued); *Colonel Robert B. Kirby, Lieutenant Colonel Russell S. Estey, Major Michael J. Kelleher, Captain W. Renn Gade* (on brief); *Captain Andrew G. Oosterbaan* and *Captain Michael J. Berrigan.*

For Appellee: *Captain Marcus A. Brinks* (argued); *Colonel Alfred F. Arquilla, Lieutenant Colonel Daniel J. Dell'Orto, Captain Denise J. Arn* (on brief).

*Opinion of the Court*

SULLIVAN, Chief Judge:

During the spring of 1989, appellant was tried by a military judge sitting alone as a general court-martial at Stuttgart, Federal Republic of Germany. Contrary to his pleas, he was found guilty of attempted larceny, conspiracy to commit larceny, and wrongful destruction of German road signs, in violation of Articles 80, 81, and 109, Uniform Code of Military Justice, 10 USC §§ 880, 881, and 909, respectively. He was sentenced to a bad-conduct discharge, confinement for 2 years, total forfeitures, and reduction to the lowest enlisted grade. The convening authority approved the sentence but, in accordance with the recommendation of the military judge, he suspended confinement in excess of 1 year. The Court of Military Review, in a short-form opinion, affirmed the findings of guilty and the sentence on May 16, 1990.

This Court granted review of the following issue of law as modified by the Court:

WHETHER THE EVIDENCE IS SUFFICIENT AS A MATTER OF LAW TO SUSTAIN APPELLANT'S CONVICTION OF ATTEMPTED LARCENY (CHARGE I).

We hold that the evidence in this record was sufficient to permit a rational factfinder to find beyond a reasonable doubt each element of the attempted-larceny offense. *See United States v. Church,* 32 MJ 70 (CMA 1991); *see generally United States v. Hart,* 25 MJ 143 (CMA 1987), *cert. denied,* 488 U.S. 830, 109 S.Ct. 85, 102 L.Ed.2d 61 (1988).

The evidence of record in this case in terms of its content is not disputed. Appellant purchased a 1987 Nissan Sentra in Germany on November 23, 1987. He financed his purchase through Amity Bank of Woodbridge, Connecticut, which required him to further purchase insurance on this vehicle. On November 23, 1987, he purchased insurance coverage from that day until November 23, 1988, later extended for another year, from the Deutscher Lloyd Company. He made payments for both his automobile loan and insurance financing to the Amity Bank through a monthly allotment of $392.00.

Appellant began to encounter difficulties in meeting these payments during the fall of 1988. He tried to sell the car during September and October 1988 but was unsuccessful. He considered voluntary repossession but rejected this option because of the potentially adverse effect it would have on his credit. In mid-October 1988, he discussed his predicament with Private David Robbins, a fellow soldier, who offered to destroy the car "for him." In ensuing weeks they discussed plans for Private Robbins to smash the car and run it into objects such as trees. These discussions were not always in a serious vein. Private Robbins was to receive the car stereo in return for his services.

The record also shows that appellant cancelled his pay allotment for the car and insurance payments on November 9, 1988. On November 11, 1988, he and Private Robbins agreed that the auto should be destroyed during the night of November 12. The stereo speakers had been removed from the vehicle by then. On November 12, Private Robbins got the car and its keys from appellant. Robbins then picked up two friends and told them that appellant gave him the car to destroy for insurance money. All three proceeded to damage the car until stopped by German police early in the morning of November 13, 1988.

– – –

Appellant was found guilty of attempted larceny in violation of Article 80. The specification of which he was found guilty states:

> SPECIFICATION: In that [appellant] did, at Flak Kaserne, Ludwigsburg, Federal Republic of Germany, on or about 13 November 1988, attempt to steal the insured value of a 1987 Nissan automobile, a value in excess of $100, property of Lloyd Insurance Company.

The prosecution's theory of guilt was that appellant had his car taken and destroyed by a fellow soldier, Private Robbins, as part of a scheme to defraud his insurance company of certain monies. It averred that the proceeds of his automobile insurance policy were to be applied by appellant or by his bank to satisfy his remaining car loan payments and his previously incurred costs for financing the payment of his insurance premiums. *United States v. Seivers,* 8 MJ 63 (CMA 1979). *See generally* R. Perkins and R. Boyce, *Criminal Law* 286 (3d ed.1982). *Cf. United States v. Mervine,* 26 MJ 482, 483–84 (CMA 1988). His purported motive for entering into this scheme was to relieve himself of perceived onerous financial obligations which were being collected by means of a monthly allotment from his pay check.

■ Appellant first argues that there was no evidence presented in this case that he ever specifically intended to steal the insurance proceeds from Deutscher Lloyd. *See* para. 4(b)(2), Part IV, Manual for Courts–Martial, United States, 1984. He relies heavily on two decisions of this Court, *United States v. Presto,* 24 MJ 350 (CMA 1987), and *United States v. Byrd,* 24 MJ 286, 288 (CMA 1987), to support his contention. He asserts that his acts, like those considered in the above cases, were too ambiguous to strongly corroborate an intent to steal on his part and too removed

from consummation to establish a firm intent to steal. We disagree.

It is not the acts alone which determine the intent of the person committing them. The circumstances in which those acts were done are also indicative of a person's intent. *See generally* 1 A Wigmore, *Evidence* § 190 at 1854–56 (Tiller's rev.1983). Here, appellant's acts of arranging his car's destruction, canceling his loan and insurance allotment, and turning over his car and keys to Private Robbins were accomplished in a particular context. First, the insurance premiums covering this car at the time of its destruction were prepaid by him through bank financing. Second, he was under considerable financial strain as a result of his car-related obligations, and he was unable to sell the vehicle. Third, he was well aware that voluntary repossession of the vehicle would hurt his credit rating for 7 years, a result he did not desire.

In these circumstances destruction of the car without a purpose of later collecting insurance proceeds would be irrational. Not only would appellant still be required to make his auto loan payments, but he no longer would have the benefit of his car for transportation. On the other hand, distribution of the insurance proceeds to the bank would both substantially satisfy the remaining auto loan payments and any outstanding insurance financing payments. Accordingly, a reasonable person could infer from all this circumstantial evidence that appellant specifically intended to deprive Deutscher Lloyd of the insurance proceeds at the time he transferred his car to Robbins.

■ In a similar vein, appellant argues that his evidenced conduct did not constitute a substantial step towards commission of a larceny. *See* para. 4b(3) and (4), Part IV, Manual, *supra*. He recognizes evidence in the record that he engaged in discussions with Robbins about destruction of his car. He also notes evidence that he terminated his allotments for future loan and insurance payments 2 days before the destruction of the car. Finally, he acknowledges evidence that he gave his car keys to Robbins as well as his car on the day of the destruction. Nevertheless, he characterizes this activity as "mere preparation," because he did not report the theft of the car to the police or file any claim with his insurance company or negotiate a settlement of that claim. *See* para. 4c(2), Part IV, Manual, *supra*.

This case, we believe, is analogous to the situation confronted by this Court in *United States v. Church*, 32 MJ 70 (1991). There, the accused solicited another to kill his wife, paid that person money, participated in planning the murder, provided information to facilitate its commission and, finally, gave the go-ahead approval on the day of the expected crime. Such evidence was found sufficient to constitute attempted murder. Here, appellant solicited another to destroy his car, made plans to destroy it, and finally gave the car and its keys to that person on the agreed day of the auto's destruction. The delivery of the car and keys to Robbins likewise set appellant's criminal scheme in motion and, as such, constituted conduct going beyond mere preparation. *Id.* at 75 (Sullivan, C.J., concurring).

The decision of the United States Army Court of Military Review is affirmed.

Judge COX and Senior Judge EVERETT concur.