**UNITED STATES, Appellee,**

v.

**Specialist Dave J. PLANTE, 001–70–3774, United States Army, Appellant.**

**ACMR 9102734.**

U.S. Army Court of Military Review.

30 Nov. 1992.

For Appellant: Major Fran W. Walterhouse, JAGC, Captain Lida A.S. Savonarola, JAGC USAR, Captain Teresa L. Norris, JAGC (on brief).

For Appellee: Colonel Dayton M. Cramer, JAGC, Lieutenant Colonel Joseph A. Russelburg, JAGC, Major Donna L. Barlett, JAGC, Captain Samuel J. Smith, Jr., JAGC (on brief).

Before JOHNSON, WERNER, and GRAVELLE, Appellate Military Judges.

OPINION OF THE COURT

GRAVELLE, Judge:

In accordance with his pleas, the appellant was convicted of attempted larceny, larceny, burning a motor vehicle with intent to defraud, and false swearing, in violation of Articles 80, 121, and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 880,

921, and 934 (1982). A military judge sitting as a special court-martial sentenced the appellant to a bad-conduct discharge, confinement for four months, forfeiture of $502.00 pay per month for four months and reduction to Private E1. The convening authority approved the adjudged sentence.

The appellant asserts that his pleas of guilty of burning an automobile with intent to defraud and of false swearing are improvident because the military judge never elicited an admission that his conduct was service-discrediting or prejudicial to good order and discipline. We find the pleas provident.

## I.

■ During the guilty plea inquiry, the military judge correctly stated the elements of the offenses in question and correctly defined "service-discrediting" and "prejudicial conduct." At the end of the recitation of the elements of all four offenses, the military judge received an affirmative reply when he asked the appellant if he understood that his plea admitted that each of the elements of the offenses accurately described what he did. The military judge thereafter elicited an admission from the appellant that the elements correctly described his conduct.

Appellate defense counsel correctly points out that, in questioning the appellant concerning the factual basis for his plea, the military judge did not elicit a specific admission from the appellant that his criminal acts were service-discrediting or prejudicial to good order and discipline. Moreover, the stipulation of fact neither mentions this element nor contains an admission that the conduct violated this element.

We find that the military judge's providence inquiry sufficiently complies with the provisions of Manual for Courts–Martial, United States, 1984, Rule for Courts–Martial 910(e) and *United States v. Care*, 40 C.M.R. 247 (C.M.A.1969). *See United States v. Cornelius*, 29 M.J. 501, 503 (A.C.M.R.1989); *United States v. Hitchman*, 29 M.J. 951, 955–56 (A.C.M.R.1990).

*See also United States v. Silver*, 35 M.J. 834 (A.C.M.R.1992). Unlike the situation in *Hitchman*, the military judge in this case explained the meaning of the final element of the Article 134 offenses, and the appellant said that he understood the elements and admitted that the elements as a whole described his conduct. Unlike the situation in *United States v. Stener*, 14 M.J. 972 (A.C.M.R.1982), the appellant unequivocally admitted that he understood that his plea admitted *all* elements of the offenses and that the elements correctly described his actions. These admissions, coupled with a proper explanation of the terms "service discrediting" and "conduct prejudicial to good order and discipline" constituted a sufficient provident plea of guilty on the appellant's part.

## II.

■ In this case, the appellant also pled guilty to the larceny of money from his insurer. The appellant had "torched" his car in order to fraudulently obtain the insurance proceeds. After he reported the loss to his insurer, the insurer asked if he needed a temporary replacement vehicle for his transportation needs.[1] He replied that he did. The insurer instructed him to contact a certain automobile rental agency and arrange for a rental vehicle. The appellant did as instructed, and used a rental vehicle for twenty-four days. The insurer thereafter directly paid the automobile rental agency for the entire amount of the rental fee. The money for the rental vehicle did not pass through the appellant's hands.

The trial counsel explained that the government's theory of the case was that the appellant would have had to pay the rental costs but for the insurer's obligation to provide a replacement vehicle.

Among the elements of larceny described to the appellant by the military judge was that he "wrongfully obtained certain property, that is, currency or money from the possession of [the insurer]." After some concern expressed by the military judge whether the crime was a theft of money or

---

**1.** Although not discussed during the providence inquiry, the appellant's insurance policy apparently contained a provision for a temporary substitute automobile.

a theft of services and after a colloquy between the trial counsel and military judge regarding the government's theory, the appellant admitted that this element correctly described what he did. The military judge thereafter accepted the appellant's plea to a theft of money from the insurer.

After reviewing these facts, we specified the following issue:

WHETHER THE GOVERNMENT'S THEORY AND THE FACTS DESCRIBED BY THE APPELLANT REGARDING CHARGE II CONSTITUTE[S] A LARCENY WITHIN THE MEANING OF ARTICLE 121, UCMJ.

Now, with the benefit of contending briefs filed by the government and the appellant, we answer the specified issue in the affirmative.

Article 121, UCMJ, provides in pertinent part:

(a) Any person subject to this chapter who *wrongfully takes, obtains, or withholds, by any means, from the possession of the owner or of any other person any money, personal property, or article of value of any kind—*
(1) with intent permanently to deprive or defraud another person of the use and benefit of property or to appropriate it to his own use or the use of any person other than the owner, steals that property and is guilty of larceny....

Manual for Courts–Martial, United States, 1984, Part IV, para. 46c (emphasis added).

In response to our specified issue, the appellant argues that we should apply the principles announced in *United States v. Mervine,* 26 M.J. 482 (C.M.A.1988). In that case the Court of Military Appeals held that a debt or the amount thereof was not the proper subject of larceny under Article 121, UCMJ. In *Mervine,* the court pointed out that the "taking, obtaining, or withholding" under Article 121 must be of specific and tangible property. It found that, while the amount of a debt is expressed in monetary terms, a debt is simply not equivalent to specific and tangible money. *Id.* at 484. Here, the appellant analogizes the stealing of a "debt" to the stealing of the "use" of a rented car. We do not agree that the analogy, even if valid, applies in this case. The appellant, through false pretenses, induced his insurer to expend money which was intended by the appellant to be permanently lost to that insurer.

Alternatively, the appellant argues that, if the appellant's actions constitute larceny, it is larceny of services chargeable under Article 134, UCMJ; and if larceny of services, we must set aside the plea of guilty, citing, *inter alia, United States v. McCracken,* 19 C.M.R. 876 (A.F.B.R.1955); *United States v. Cornell,* 15 M.J. 932 (N.M.C.M.R.1983); and *United States v. Abeyta,* 12 M.J. 507 (A.C.M.R.1981). We disagree, and find that the appellant's actions constitute a larceny of money.[2] Although the appellant received services from a car rental agency, it was at the insurer's expense. As charged by the government and as admitted by the appellant during the providence inquiry, the insurer was deprived of money for the services, not the services themselves. We believe that the appellant's actions are more analogous to fraudulent inducement of the distribution of tangible insurance proceeds to a third party for the appellant's benefit.

Accordingly, we hold that under the circumstances of this case, the appellant providently pled guilty to a larceny of money from the insurer.

The remaining assignments of error are without merit.

The findings of guilty and the sentence are affirmed.

Senior Judge JOHNSON and Judge WERNER concur.

---

**2.** Even if we were to agree that it was a larceny of services, we might not necessarily be required to set aside the findings of guilty. The government points out some authority for this court to sustain a conviction for larceny of services in this case. *United States v. Flowerday,* 28 M.J. 705 (A.F.C.M.R.1989). However, because of our holding, that particular question is left for another day.