UNITED STATES, Appellee

v.

Charles D. GARNER, Specialist
U.S. Army, Appellant.

No. 94–1330.
CMR No. 9200678.

U.S. Court of Appeals for
the Armed Forces.

Argued Oct. 4, 1995.

Decided Mar. 1, 1996.

For Appellant: *Captain Walter S. Weedman* (argued); *Colonel Stephen D. Smith, Lieutenant Colonel John T. Rucker, Major Roy H. Hewitt, Captain Don F. Pollack* (on brief).

For Appellee: *Captain Kenneth D. Albert* (argued); *Colonel John M. Smith, Lieutenant Colonel James L. Pohl, Captain Michael E. Mulligan, Captain John G. Giovannelli* (on brief); *Lieutenant Colonel Eva M. Novak* and *Major Lyle D. Jentzer.*

*Opinion of the Court*

GIERKE, Judge:

A general court-martial composed of officer members at Fort Sheridan, Illinois, convicted appellant, contrary to his pleas, of conspiracy to commit premeditated murder, conspiracy to commit larceny of insurance proceeds, violating a lawful general regulation, and premeditated murder, in violation of Articles 81, 92, and 118, Uniform Code of Military Justice, 10 USC §§ 881, 892, and 918, respectively. The approved sentence provides for a dishonorable discharge, confinement for life, total forfeitures, and reduction to the lowest enlisted grade. The Court of Military Review * affirmed the findings and sentence in an unpublished opinion.

We granted review of the following issue:

WHETHER THE EVIDENCE IS INSUFFICIENT AS A MATTER OF LAW TO FIND SPECIALIST GARNER GUILTY OF CONSPIRACY TO COMMIT LARCENY OF INSURANCE FUNDS (ADDITIONAL CHARGE I).

Defrauding an insurance company by killing the insured or intentionally destroying property to collect the insurance proceeds is larceny. *See, e.g., United States v. Jones,* 32 MJ 430 (CMA 1991); *United States v. Seivers,* 8 MJ 63 (CMA 1979); and *United States v. Plante,* 36 MJ 626, 628 (ACMR 1992) (defrauding insurance company by filing claim after intentionally destroying insured automobile). Appellant was convicted of conspiracy to commit larceny by killing his wife to obtain the insurance proceeds.

* *See* 41 MJ 213, 229 n. * (1994).

Since appellant attacks the legal sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979); *see United States v. Turner,* 25 MJ 324 (CMA 1987) (applying *Jackson* standard). We hold that the evidence is legally sufficient to support appellant's conviction of conspiracy to commit larceny of insurance funds.

The evidence of record, "view[ed] in the light most favorable to the prosecution," shows that appellant hired a fellow soldier, Specialist Miller, his friend and former roommate, to kill appellant's wife, Catherine Garner, and offered to compensate Miller by giving him a share of the insurance proceeds. At the time, appellant was stationed in Germany and living with another woman whom he married after Catherine Garner's death. Catherine Garner and their 2–year–old son, Maxwell, resided near Chicago, Illinois, with Mrs. Garner's parents. Appellant had minimal contact with his wife and son during the 2 years he had been in Germany.

Miller killed Catherine Garner on the night of October 31, 1990, by shooting her in the back of the head with a 12–gauge shotgun slug. Mrs. Garner was killed in the driveway of her parents' home as she returned with her son from "trick or treating."

On November 3, 1990, Miller attended a social function where he showed a high school classmate a sawed-off shotgun in a briefcase and told her, "I kill people for money." He also told his friend that he would be receiving $250,000.00. She did not report the conversation to anyone because she did not believe Miller, who had a reputation for "telling stories."

Miller was interviewed by civilian police on November 9, 1990. He confessed to killing Mrs. Garner, but maintained that he intended only to rob her and fired the shotgun accidentally when "he slipped on the grass." While in civilian confinement, he told a fellow prisoner, John Curtis Brown, that he was being charged with murder, that he knew the victim's husband, and that the victim's husband would be receiving "a lot of money... from the insurance." He also told another prisoner, Sylvester Riojas, that "[t]he state thinks it's a [sic] accidental murder" but "I was paid to do what I did." Miller told Riojas that appellant had showed him an insurance policy for $500,000, asked him to kill Mrs. Garner for half the proceeds, and offered an immediate payment of $2000. Riojas testified that Miller offered him $10,000 to help him collect the money by opening a bank account and contacting appellant, with an additional $5000 to be paid after the money was collected. Riojas, who was awaiting trial for attempted murder, contacted the state's attorney with "very important information," and agreed to testify in return for a favorable plea bargain.

In October 1988, Mrs. Garner had designated appellant as the primary beneficiary on a $50,000 life insurance policy obtained through her employment. The policy provided for double indemnity in case of accidental death. On April 27, 1990, Mrs. Garner was required to redesignate beneficiaries due to a change in her employee benefits plan. She designated their 2–year–old son, Maxwell, as the primary beneficiary for her life insurance. At some time she had informed appellant's father that she intended to change the beneficiary on her life insurance. Appellant's father testified that he passed the information to appellant "the next time I talked to him" but could not remember exactly when.

At trial appellant denied having anything to do with his wife's death. He testified that his father informed him of Mrs. Garner's intent to change the beneficiary of her life insurance. He admitted, however, "I didn't know if she had changed it or not, for specifics."

On November 7, 1990, about a week after Mrs. Garner's death, appellant contacted Mrs. Garner's employer "to talk about any outstanding paperwork that he may need to be aware of concerning his wife's death." The next day he was told that their son, Maxwell, was the sole beneficiary of the life

insurance. The policy proceeds eventually were paid to Mrs. Garner's parents on behalf of Maxwell.

On December 17, 1990, appellant requested discharge from the Army based on his need to care for his son. On February 7, 1991, he requested a hardship discharge. Both requests were denied. Appellant also contacted a lawyer who was also an accountant for advice about placing the proceeds of Mrs. Garner's life insurance policy in a trust fund for Maxwell.

At trial the prosecution argued that appellant "thought he was the beneficiary." Now appellant argues that he knew that Mrs. Garner had changed the beneficiary. Government appellate counsel argue in the alternative: that appellant knew that Mrs. Garner intended to change the beneficiary but did not know that she had done so; or that appellant knew that his son, Maxwell, was the beneficiary but that he intended to use Maxwell "as a mere conduit" to himself. Answer to Final Brief at 8–9.

Since the court members were presented with only one theory, that appellant believed he was the beneficiary, the findings make it probable that they convicted appellant on that theory. Since either theory is sustainable on the evidence of record, however, it does not matter which theory the members accepted, or if some members convicted on one theory and others on another. *See Schad v. Arizona,* 501 U.S. 624, 631–32, 111 S.Ct. 2491, 2497, 115 L.Ed.2d 555, 565 (1991) (no requirement for jurors to agree on single theory of guilt).

Based on the evidence above and the entire record, we are satisfied that "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia, supra* at 319, 99 S.Ct. at 2789.

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge COX, Judges SULLIVAN and CRAWFORD, and Senior Judge DARDEN concur.